Pearson, J.
 

 The plaintiff had, as a constable, levied on certain articles, as the property of one Briggs. One By-num claimed the articles; and, thereupon, the defendant executed a bond to indemnify the plaintiff for selling under an execution in his hands, “ wherein John B. Jones and Henry Dickinson are plaintiffs, and one William G. Briggs is defendant.” The plaintiff sold the property and was sued by Bynum, who recovered six cents, and a large sum for costs. The action is on the bond for indemnity. On' the trial, the plaintiff did not offer in evidence an execution in favor of John B. Jones and Henry Dickinson against William G. Briggs, and, of course, did not prove, that he sold the property under the execution recited in the bond.
 

 His Honor was of opinion that it was not necessary for the plaintiff to make this proof, and that he was entitled to recover by proving that he sold the property, without showing that he made the sale “ under an execution corresponding with that recited in the bond.” To this the defendant excepts.
 

 There is error. The defendant agrees to indemnify the plaintiff for selling under a certain execution. How can the indemnity be claimed without alleging and proving that he did sell under that execution ? Suppose the plaintiff sold under a different execution. It may be that it was not levied in time, or that the defendant had not the same interest in it. At all events, it does not come within the terms of the bond.
 

 It is unnecessary to notice the other exception; because upon the next trial, if the plaintiff has in fact paid the amount recovered by Bynum» he will be able to prove it
 
 *47
 
 without depending upon the entry on the execution docket.
 

 Per Curiam. Judgment reversed, and a
 
 venire de
 
 novo.